LOOMIS *et al. v.* NEW YORK & CLEVELAND GAS COAL CO.

(*Circuit Court, N. D. New York.*  January 4, 1888.)

REMOVAL OF CAUSES—CITIZENSHIP—ACT OF MARCH 3, 1887.

> A suit brought in the supreme court of New York by a citizen of that state against a Pennsylvania corporation, was removed, on the defendant's motion, to the circuit court of the United States, under the removal act of March 3, 1887. *Held,* that the removal was authorized by the statute, the defendant not being a resident of New York, and a motion to remand to the state court must be denied; following *Fales* v. *Railway Co.,* 32 Fed. Rep. 673.

At Law.  Motion to remand cause to state court.

*Ansley Wilcox,* for plaintiffs.

*George J. Sicard,* for defendant.

COXE, J.  The plaintiffs are citizens of New York, residing at Buffalo, in this district.  The defendant is a corporation organized under the laws of Pennsylvania.  The action was commenced in the supreme court of this state in April of the present year.  The defendant appeared and removed the cause to this court.  The plaintiffs now move to remand, upon the ground that under the provisions of the act of March 3, 1887, this court has no jurisdiction, the defendant being a citizen of Pennsylvania.

It will be seen that the motion involves the precise question passed upon in the following causes: *County of Yuba* v. *Mining Co.,* 32 Fed. Rep. 183; *Fales* v. *Railway Co.,* Id. 673; *Telegraph Co.* v. *Brown,* Id. 337.  In the California case jurisdiction was denied by Judge SAWYER, the decision being concurred in by Mr. Justice FIELD and Judge SABIN. In the Iowa and Illinois cases jurisdiction was sustained by Judges SHIRAS and GRESHAM, respectively, and in the Missouri case the views expressed by Judge BREWER make it quite clear that he is in accord with the latter construction.  The adverse views as to the true interpretation of the indeterminate language of the act of 1887 are fully and ably presented by these decisions.  It is thought that no argument which is not a recapitulation of what has been already said can be contributed to the controversy on either side.  Suffice it is to say that, after a careful examination of the statute, in the light of these decisions, I am constrained to adopt the view that the court has jurisdiction, and that the cause should be retained.  The statute should, if possible, be so construed as to give vitality to every part, and this has, it is thought, been successfully accomplished by Judge SHIRAS in the *Fales Case, supra.*  To the able argument there presented I have nothing to add.  I am authorized to say that the same opinion is entertained by Judges WALLACE and LACOMBE.

The motion to remand must be denied.