### VINAL v. CONTINENTAL CONST. & IMP. CO.

*(Circuit Court, N. D. New York.   March 19, 1888.)*

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—ACT OF MARCH 3, 1887.

> A bill of complaint, filed in a state court of New York by a citizen of Massachusetts, against a corporation of Connecticut and a corporation of New York, averred a cause of action, and prayed for damages and an accounting as against the Connecticut corporation alone, for failure to perform a contract. *Held,* that the Connecticut corporation was entitled to a removal under the act of congress of March 3, 1887; the plaintiff and the removing defendant having a separable controversy, they being citizens of different states, and the removing defendant not having been sued in his own state.

On Motion to Remand.

*Matthew Hale,* for the motion.

*Thomas H. Hubbard,* contra.

WALLACE, J.   This suit was brought in the state court by a citizen of Massachusetts against a corporation of Connecticut and a corporation of this state.   It was removed upon the petition of the defendant, the Connecticut corporation, and the plaintiff has moved to remand.

Although the suit presents a controversy to which upon a very preposterous theory of legal right the corporation of this state is a necessary party as well as the removing defendant, it also presents a separable controversy between the plaintiff and the removing defendant, because the bill of complaint avers a cause of action, and prays for damages and an accounting as against that defendant alone, for failure to perform a contract.   In this respect it is like the case of *Boyd* v. *Gill,* 21 Blatchf. 543, 19 Fed. Rep. 145.   According to the act of March 3, 1887, inasmuch as the plaintiff and the removing defendant have a separable controversy, are citizens of different states, and the removing defendant was not sued in his own state, the case is removable under the act of March 3, 1887. Under the second section of that act any suit of a civil nature is removable by the defendant of which the circuit courts are given jurisdiction by the first section, and by the first section the circuit courts are given jurisdiction of controversies between citizens of different states in which the matter in dispute is of the requisite sum or value.   The act is a slovenly piece of patch-work put upon the act of March 3, 1875; but, reading the original and amendatory acts side by side to discover what has been inserted in and what left out of the original act, the meaning of the changes and their effect seem tolerably plain.   The first section of the amendatory act, like the first section of the original act, relates exclusively to the original jurisdiction of the circuit court; and the second section of the amendatory act, like the second section of the original act, relates ex-

clusively to the jurisdiction which may be resorted to by removal. It would seem to be the reasonable meaning of the second section in the amendatory act, like the second section of the original act, to permit a defendant to litigate in the circuit court by a removal, any suit which he could litigate there if it was originally commenced in a circuit court. The first section of the original act is a comprehensive grant of original jurisdiction to the circuit courts, and defines (1) the nature and scope of the jurisdiction over the subject-matter of suits; (2) the limitations of the jurisdiction over the person of defendant; and (3) the rule of decision by which to ascertain when an assignee occupies a different position, as respects diversity of citizenship, from his assignor. The second section of that act authorizes a removal by either party of any suit brought in a state court which could have been tried in a circuit court if it had been brought there originally because of the subject-matter involved. The first section of the amendatory act changes the first section of the original act, so that (1) the sum or value of the matter in dispute requisite to jurisdiction of the subject-matter must now be $2,000, exclusive of interest, instead of $500, not exclusive of interest, and does not otherwise change it in respect of jurisdiction of subject-matter; (2) restricts the jurisdiction over the person of defendants, so that a defendant can no longer be served with original process wherever he may be found, and must be served in the district of which he is an inhabitant, unless the suit is one where the jurisdiction of the subject-matter is founded only upon diversity of citizenship, in which case he may be served either in his own district or in the district of the plaintiff, if he can be found there, and does not otherwise change it in respect to the jurisdiction of the person of defendants; and (3) changes the rule of decision for ascertaining when an assignee occupies a different position, as respects diversity of citizenship, from his assignor. The second section of the amendatory act restricts the right of removal so as to confine its exercise to a defendant who is a non-resident of the state in which he is sued in a state court, and makes no other change in the second section of the original act. Ambiguity has been introduced into the second section of the amendatory act by limiting the right of removal to suits "of which circuit courts are given jurisdiction by the preceding section." It has been thought by some that this phrase restricts the right of removal to suits in which the particular circuit court to which a defendant seeks to resort has not only jurisdiction of the subject-matter but also jurisdiction over the person of the defendant. This is not a necessary, and does not seem to be a sensible, construction of the section. That phrase was apparently used to dispense with a recapitulation of the several conditions which determine the jurisdiction of the subject-matter in the first section. The word "jurisdiction" refers to jurisdiction over the subject-matter, to the general jurisdiction of circuit courts, and means a jurisdiction which would enable any circuit court to entertain and determine the controversy if the parties were before it. It will serve no useful purpose to state at length the reasons which have led to this conclusion, as the recent reports abound in opinions in exposition of the act.