## TIFFANY v. WILCE.

*(Circuit Court, W. D. Michigan, S. D.   March 19, 1888.)*

REMOVAL OF CAUSES — CITIZENSHIP OF PARTIES — REMOVAL BY NON-RESIDENT
DEFENDANT.
Under act Cong. March 3, 1887, defining the jurisdiction of federal courts,
which provides that where jurisdiction is founded on the fact that the action
is between citizens of different states, suit shall be brought only in the dis-
trict where either the plaintiff or defendant resides, an action by a citizen
of Michigan, brought in the state court of plaintiff's district against a non-
resident defendant, may be removed to the federal court by the defendant.

Motion to Remand to State Court.
*McAlvoy & Grant*, (*Edgar Terhune*, of counsel,) for plaintiff.
*Ramsdell & Benedict*, for defendant.

SEVERENS, J.   This case being brought on for trial, a question arises
upon the jurisdiction of the court,—the defendant being a citizen of an-
other state.   The facts appearing upon the record are that the suit was
originally brought in the circuit court of the state for the county of Man-
istee, by the plaintiff, who is a citizen of Michigan, against the defend-
ant, who is a citizen of Illinois; and that the defendant, upon a petition
showing this diversity of citizenship, and the additional requisite condi-
tions, together with the giving of the proper bond, procured the removal
of the cause into this court.   The petition was filed, and the removal had,
since the enactment of the law of March 3, 1887, defining the jurisdic-
tion of this court in original and removed causes.   The same question was
presented in the case of *Manley* v. *Olney*, 32 Fed. Rep. 708, the facts
being the same; but as the case was remanded upon another ground, it
was not necessary to pass on this point.   As is known to the profession,
the decisions upon it are not harmonious.   Upon a careful study, after
the law of 1887 was passed, entered upon with a purpose of ascertaining
what, upon comparison and reconcilement of its various provisions, the
law had effected relative to the jurisdiction of the circuit courts, my im-
pression of it was that where jurisdiction was vested in the court upon
the ground of the different citizenship of the plaintiff and defendant, suit
might be brought in the district of either of the parties.   The construc-
tion given to the act by the circuit court in the Ninth circuit was, how-
ever, to the contrary.   *County of Yuba* v. *Mining Co.*, 32 Fed. Rep. 183.
It was there held that the act only authorized cognizance of the case when
it was brought in the district where the defendant resided; and, as the
law only permits removal when the case is one in which the suit might
have been brought originally in the federal court, it would follow that,
when the defendant in the state court was a non-resident, the case could
not be removed.   That case was decided by a very able court, and the
decision being concurred in by a justice of the supreme court and the
circuit and district judges, is entitled to the highest respect.   The con-
struction there given to the act was a very rigid one, and, it is obvious,

would curtail the jurisdiction of the circuit court in a very serious manner. The courts of the United States in the Second, Seventh, and Eighth circuits have not acquiesced in that construction, but have held notwithstanding it, that in such cases the suit may be brought in either the plaintiff's or defendant's district. *Railroad Co.* v. *Railroad Co.*, 33 Fed. Rep. 385; *Mining Co.* v. *Markell*, Id. 386; *Loomis* v. *Coal Co.*, Id. 353; *Fales* v. *Railway* Co., 32 Fed. Rep. 673; *Telegraph Co.* v. *Brown*, Id. 337; *Garcia* v. *Vance*, 33 Fed. Rep. 84; *Short* v. *Railway Co.*, Id. 114. So far as I am aware the point has not been ruled in this circuit, and it is open. The subject has been so much discussed that I do not think it desirable to go into it at length. The pith of the inquiry is whether the declaration in the first section of the act that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," is not to be construed as modified by the language immediately following: "But where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The circuit court in California held in the *Yuba Co. Case*, that the former clause furnished the limitation, and that the latter clause did not enlarge it. The court say that the last-quoted language is prohibitory in form, and does not confer jurisdiction in a case otherwise expressly prohibited. Page 185. This construction renders this whole clause practically nugatory, and seems to me to violate the familiar and always recognized rule of construction which requires us to give effect, where possible, to every part of the statute. The application of this rule requires that we should restrain what is general to give effect to provisions about particulars. If this clause is listened to at all, it seems clearly to furnish the rule of jurisdiction in the particular class of cases mentioned in it. It seems impossible to resist the conclusion that the court in the *Yuba Co. Case* gave too rigid an effect to the general language of the act, and needlessly silenced a clear exception. With great deference, therefore, it must be held that when, as in this case, the suit is between citizens of different states, it may be brought in the district of either of the parties; and when it is brought in the district of the plaintiff, the defendant may remove it into the federal court,—the other conditions, of course, existing. When this question was pending before, I felt it prudent to confer with the circuit judge upon it. The communication then received authorizes me now to say that Judge JACKSON concurs with me in the construction of the statute indicated in this opinion.

It is held that the court has jurisdiction, and the case will proceed.