## AMSINCK *et al. v.* BALDERSTON.

*(Circuit Court, D. Rhode Island.* June 15, 1889.)

REMOVAL OF CAUSES—NON-RESIDENTS OF DISTRICTS.

Under Act Cong. March 3, 1887, c. 373, § 2, authorizing the removal into the circuit court by a defendant, being a non-resident of the state, of an action of which circuit courts "are given original jurisdiction by the preceding section," an action may be removed, though by the previous section, requiring suits between citizens of different states to be brought in the district of the residence of either plaintiff or defendant, it could not have been originally commenced in the district; neither party being resident therein.

At Law. On motion to remand to state court.

This was an action at law, to recover a sum of more than $2,000, brought November 7, 1887, by citizens of the state of New York against a citizen of the state of Massachusetts, in the supreme court of the state of Rhode Island, and removed into this court upon the petition of the defendant, March 22, 1888. The plaintiffs moved to remand the case to the state court, on the ground that neither the plaintiffs nor the defendant were citizens of the state of Rhode Island, and consequently this court could not have original jurisdiction of the action, and therefore the case could not lawfully be removed into this court, under the act of March 3, 1887, c. 373, the material provisions of which, as amended by the act of Aug. 13, 1888, c. 866, in respect to clerical errors in its enrollment, are as follows:

"Section 1. The circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority; or in which controversy the United States are plaintiffs or petitioners; or in which there shall be a controversy between citizens of different states, in which the matter in dispute, exceeds, exclusive of interest and costs, the sum or value aforesaid; or a controversy between citizens of the same state claiming lands under grants of different states; or a controversy between citizens of a state and foreign states, citizens or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid. * * * But no person shall be arrested in one district, for trial in another, in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. Sec. 2. Any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdic-

tion by the preceding section, and which are now pending, or which may here-
after be brought, in any state court, may be removed into the circuit court of
the United States for the proper district by the defendant or defendants there-
in, being non-residents of that state.    And when, in any suit mentioned in
this section, there shall be a controversy which is wholly between citizens of
different states, and which can be fully determined as between them, then ei-
ther one or more of the defendants actually interested in such controversy
may remove said suit into the circuit court of the United States for the proper
district.    And, where a suit is now pending, or may be hereafter brought, in
any state court, in which there is a controversy between a citizen of the state
in which the suit is brought and a citizen of another state, any defendant,
being such citizen of another state, may remove such suit into the circuit
court of the United States for the proper district, at any time before the
trial thereof, when it shall be made to appear to said circuit court that, from
prejudice or local influence, he will not be able to obtain justice in such state
court, or in any other state court to which the said defendant may, under the
laws of the states have the right, on account of such prejudice or local influ-
ence, to remove said cause."    24 St. 552, 553; 25 St. 433–435.

*John C. Thurston*, for complainants.
*Colwell & Barney*, for defendant.

GRAY, Justice, (*after stating the facts as above.*)    The first section of the
jurisdiction act of 1887 begins with a description of the cases of which
"the circuit courts of the United States shall have original cognizance,
concurrent with the courts of the several states," including cases arising
under the constitution, laws, or treaties of the United States, or "in
which there shall be a controversy between citizens of different states."
The subsequent provisions of that section, prescribing the district in
which a suit "shall be brought," apply only to actions commenced in a
court of the United States.    The second section, authorizing the removal
into a circuit court of the United States of any suit brought in a state
court, "of which the circuit courts of the United States are given orig-
inal jurisdiction by the preceding section," evidently refers to the general
grant of jurisdiction at the beginning of that section, and not to the
special regulations as to the district in which an action may be com-
menced.    The present action does not arise under the consitution, laws,
or treaties of the United States, but falls within the second clause of the
second section, and was rightly removed into this court on the petition
of the defendant, being a non-resident of the state in which it was
brought.    This conclusion, which is fortified by a comparsion of the
various provisions of these two sections, is in accordance with the cur-
rent of opinion and decision in other circuits.    *Fales* v. *Railway Co.*, 32
Fed. Rep. 673; *Gavin* v. *Vance*, 33 Fed. Rep. 84; *Vinal* v. *Improvement Co.*,
34 Fed. Rep. 228; *Wilson* v. *Telegraph Co.*, Id. 561, overruling *Yuba Co.*
v. *Mining Co.*, 32 Fed. Rep. 183; *Kansas City & T. R. Co.* v. *Interstate
Lumber Co.*, 37 Fed. Rep. 3, overruling *Harold* v. *Mining Co.*, 33 Fed.
Rep. 529.    Motion to remand denied.