AMERICAN FINANCE COMPANY *vs.* JABEZ A. BOSTWICK.

Hampden.    September 24, 1889. — January 20, 1890.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Jurisdiction of Federal Courts — Removal of Cause — Election — Waiver.*

A citizen of Pennsylvania brought an action against a citizen of New York in the Superior Court, and made an attachment of his property in this Commonwealth. The defendant appeared and duly removed the action, under the Pub. Sts. c. 152, § 8, into the Supreme Judicial Court, and subsequently, within the time for filing an answer in the Superior Court, filed a petition for its further removal into the Circuit Court of the United States for the District of Massachusetts. *Held,* that the defendant was entitled, under the U. S. St. of March 3, 1887, § 2, as amended by the U. S. St. of August 13, 1888, to remove the cause into such Federal court, although neither the plaintiff nor the defendant was a resident of this Commonwealth, and that he had not waived his right so to do by the intermediate removal from one State court to the other.

PETITION for the removal of a cause into the Circuit Court of the United States. Hearing before *Knowlton,* J., who ruled that

the defendant was not entitled to a removal, and reserved the case for the full court.   The facts appear in the opinion.

The case was argued at the bar in September, 1889, and afterwards was submitted on the briefs to all the judges.

*M. M. Weston*, for the defendant.

*G. Wells*, (*J. Barnes* with him,) for the plaintiff.

FIELD, J.   The record shows that this is an action at law of a civil nature, in which the matter in dispute exceeds, exclusive of interest and costs, the sum of two thousand dollars, and that the plaintiff is a citizen of the State of Pennsylvania, and the defendant a citizen of the State of New York.   Neither of the parties has a residence in Massachusetts.   The suit was originally brought in the Superior Court of this Commonwealth, and property of the defendant was attached on the writ, but no personal service was made upon him.   After notice the defendant appeared in the action, and, before the time when he was required to file an answer in the Superior Court, duly removed it to the Supreme Judicial Court, in accordance with the Pub. Sts. c. 152, § 8, and in that court filed a petition to remove it to the Circuit Court of the United States for the District of Massachusetts.

The U. S. St. of March 3, 1887, as amended by the U. S. St. of August 13, 1888, by § 1, gives to the Circuit Courts of the United States "original cognizance concurrent with the courts of the several States" of the suits therein described.   Some of these suits are within the jurisdiction thus conferred by reason of the subject matter, and others by reason of the citizenship of the parties.  Among the last are suits "in which there shall be a controversy between citizens of different States."   The section also provides that "no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The same statute provides, in § 2: " That any suit of a civil nature . . . arising under the Constitution or laws of the United States or treaties made or which shall be made under their

authority, of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, . . . may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and which are now pending or which may hereafter be brought in any State court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State."

The present suit is within the last clause of this provision, if it be one " of which the Circuit Courts of the United States are given original jurisdiction " by § 1 of this statute. It is contended that it is not a suit of which the Circuit Court of the United States for the District of Massachusetts is given jurisdiction by § 1, because neither the plaintiff nor the defendant has a residence within that district. By the clause we have cited, a suit of which the Circuit Courts have jurisdiction because the controversy is between citizens of different States may be removed from the State court by the defendant if he be a non-resident of the State, but nothing whatever is said of the residence of the plaintiff. In the latter part of this § 2 there is a special provision for the removal of a suit from a State court " at any time before the trial thereof " by a defendant who is a citizen of another State, when the controversy is between a citizen of the State in which the suit is brought and a citizen of another State, and it is made to appear that, from prejudice or local influence, the defendant will not be able to obtain justice in the State court. This shows that Congress particularly considered suits between citizens of different States in which the plaintiff was a citizen of the State in which the suit was brought, and made an additional provision for such suits, extending the time for removal in certain cases ; but it apparently regarded them as but a part of the class of suits between citizens of different States which were made removable within limits somewhat more strict by other provisions of the section.

The U. S. St. of March 3, 1887, was passed in amendment of the U. S. St. of March 3, 1875, which by § 1 provided that " no person shall be arrested in one district for trial in another in any civil

action before a Circuit or District Court.  And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding, except as hereinafter provided." These provisions were re-enacted in the statutes of 1887 and 1888 referred to, except that the clause was omitted which reads " or in which he shall be found at the time of serving such process or commencing such proceeding, except as hereinafter provided," and in place of it the clause which we have cited was inserted ; namely, " but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The U. S. St. of March 3, 1875, by § 2, provided that in " any suit of a civil nature . . . in which there shall be a controversy between citizens of different States, . . . either party may remove said suit into the Circuit Court of the United States for the proper district."

The Revised Statutes of the United States, by § 629, cl. 1, provide that the Circuit Courts shall have original jurisdiction " of all suits of a civil nature . . . where . . . an alien is a party, or the suit is between a citizen of the State where it is brought and a citizen of another State," etc. ; and by § 639, cl. 1, authorized the removal by the defendant of a suit from a State court " when the suit is against an alien, or is by a citizen of the State wherein it is brought, and against a citizen of another State," etc.  Section 739 provided that, except in certain cases, " no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court," and that except in certain cases " no civil suit shall be brought before either of said courts against an inhabitant of the United States by any original process in any other district than that of which he is an inhabitant, or in which he is found at the time of serving the writ."

These provisions are substantially those of the first Judiciary Act.  U. S. St. of Sept. 24, 1789, §§ 11, 12.  See U. S. Sts. of March 2, 1867, and of July 27, 1866.  The United States statutes of 1875, 1887, and 1888 referred to did not adopt the language of the U. S. Revised Statutes, limiting the original jurisdiction

of the Circuit Courts to a suit " between a citizen of the State where it is brought and a citizen of another State."

The provisions of the statutes we have cited, that a suit should not be brought against an inhabitant of the United States in a District or a Circuit Court of the United States by any original process in any other district than that of which he was an inhabitant, or in which he was found at the time of serving the writ, have never been regarded as affecting the jurisdiction in any such sense that they could not be waived by the defendant. If a defendant chose voluntarily to appear in a suit brought in a Circuit Court of the United States of another district than that of which he was an inhabitant or in which he was found, and if the suit was between citizens of different States, the court had jurisdiction to proceed to judgment. *Toland* v. *Sprague*, 12 Pet. 300, 331. In *Ex parte Schollenberger*, 96 U. S. 369, 378, the court say : " The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented." This statement must be equally true of the existing statutory provisions requiring a suit to be brought in the district where either the plaintiff or the defendant is a resident.

The right of the defendant to remove the present suit does not depend upon the extent of the original jurisdiction of the Circuit Courts of the United States, except so far as the provisions of the statutes relating to the removal of suits have made one jurisdiction dependent upon the other. It is competent for Congress, acting within the grant of judicial power contained in the Constitution of the United States to provide for the removal from State courts to the Circuit Courts of the United States of suits which could not be brought in the Circuit Courts by original process. The statutes alone determine the jurisdiction of the Circuit Courts over original suits and over suits removed from State courts, and the two jurisdictions need not be and often have not been identical. *Gaines* v. *Fuentes*, 92 U. S. 10. *Claflin* v. *Commonwealth Ins. Co.* 110 U. S. 81.

A suit of a civil nature at common law or in equity where the matter in dispute exceeds exclusive of interest and costs the sum or value of two thousand dollars, and in which the controversy is between citizens of different States, is in its nature a suit " of which the Circuit Courts of the United States are given original jurisdiction" by the U. S. St. of March 3, 1887, § 1, as amended by the U. S. St. of August 13, 1888, § 1.   There is a restriction with regard to the particular Circuit Court in which such suits must be brought, but it relates to the residence of the parties, and is of such a nature that a defendant can waive it if he chooses. Section 2 of that statute, in providing for the removal of a suit of the kind described, does not contain any words which can be held to restrict the right of removal to suits brought in a State court by citizens of the State.   The intention apparently is to give to a defendant in every suit of the kind described which is brought in a State court, if he is not a resident of the State, the right to remove it in the manner provided by § 3 of the same statute, without regard to the residence, citizenship, or inhabitancy of the plaintiff, provided he and the defendant are citizens of different States.

While the courts of a State can have no jurisdiction over persons not resident within or found within the State, unless they voluntarily appear in a suit, yet, as happened in the present case, the property of non-resident persons which is found within the State may be attached at the suit of citizens of other States, as well as of citizens of the State in which the suit is brought. The defendant in such a suit may find it for his interest to appear in and defend the suit.   If he does so, the court then has jurisdiction over the person of the defendant, and a controversy at once arises between the parties ; and if they are citizens of different States, we are of opinion that the suit then becomes removable by the defendant under § 2 of the Acts of Congress of 1887 and 1888, without regard to the residence of the plaintiff.

There is no doubt that the Circuit Court for the District of Massachusetts is the Circuit Court for the proper district, as it includes the same territory as the Commonwealth of Massachusetts.    The phrase " Circuit Court of the United States for the proper district," which is found in the statutes of 1887 and 1888, first occurs in the U. S. St. of March 3, 1875, § 2.   In the pre-

vious statutes the Circuit Court to which the suit was removable was the Circuit Court of the United States for the district where the suit was pending. U. S. Rev. Sts. § 639. U. S. Sts. of March 2, 1867, July 27, 1866, and Sept. 24, 1789, § 12. The meaning of these different provisions must be the same. Indeed, in § 3 of the act of 1887, as amended by the act of 1888, the Circuit Court to which the suit is to be removed is expressly described as " the Circuit Court to be held in the district where such suit is pending." There was a similar designation in the U. S. St. of March 3, 1875, § 3.

The construction we have given to the United States statute of 1887, as amended by the statute of 1888, is supported by several decisions of different Circuit Courts of the United States, and we think the weight of authority is in favor of the view we have taken. *Burck* v. *Taylor*, 39 Fed. Rep. 581. *First National Bank* v. *Merchants' Bank*, 37 Fed. Rep. 657. *Kansas City & T. R. Co.* v. *Interstate Lumber Co.* 37 Fed. Rep. 3. *Vinal* v. *Continental Const. & Imp. Co.* 34 Fed. Rep. 228. See *Tiffany* v. *Wilce*, 34 Fed. Rep. 230 ; *Wilson* v. *Western Union Tel. Co.* 34 Fed. Rep. 561 ; *Cooley* v. *McArthur*, 35 Fed. Rep. 372 ; *Pitkin County Min. Co.* v. *Markell*, 33 Fed. Rep. 386 ; *Gavin* v. *Vance*, 33 Fed. Rep. 84 ; *Swayne* v. *Boylston Ins. Co.* 35 Fed. Rep. 1 ; *Fales* v. *Chicago, M., & St. P. Railway*, 32 Fed. Rep. 673.

Section 3 of the same United States statutes of 1887 and 1888 requires that a party entitled to remove a suit from a State court to the Circuit Court of the United States should file a petition in such suit " in such State court at the time or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." The petition in the present suit was therefore filed in time.

The contention of the plaintiff is, that as the defendant pursuant to the statutes of Massachusetts had removed the suit from the Superior Court to the Supreme Judicial Court, he could not thereafter remove it to the Circuit Court of the United States. This is put upon two grounds : first, that by the removal to the Supreme Judicial Court the defendant irrevocably submitted himself to the jurisdiction of that court ; and, secondly, that the provisions of the statutes of the United States concerning the

removal of suits are not applicable to a suit which before the petition is filed has been removed under the statutes of the State from the court of the State in which it was originally brought to another court of the same State.

The Pub. Sts. c. 152, § 8, are derived, with some immaterial modifications, from the St. of 1840, c. 87, § 3. By the Pub. Sts. c. 152, § 4, the Superior Court has original and concurrent jurisdiction with the Supreme Judicial Court " of all civil actions, except actions of tort, in which the sum demanded or property claimed exceeds in amount or value four thousand dollars if brought in the county of Suffolk, and one thousand dollars if brought in any other county," etc. The present suit is within this description. By § 7, such actions, if brought in the Superior Court, " may, before the trial is commenced, be carried by consent of parties to the Supreme Judicial Court." By § 8, the defendant at the first term at which he is held by law to appear may make oath or affirmation " that he verily believes he has a substantial defence, that the amount in controversy exceeds the amount or value mentioned, . . . that he intends to bring the cause to trial," and may request that " the same may be removed to the Supreme Judicial Court," whereupon " it shall be immediately transferred with the papers therein to the clerk of that court, . . . and the cause shall proceed as if originally brought in that court." The object plainly is to give to the defendant the right to elect in which one of the two courts the cause should proceed, which is similar to the right which the plaintiff had when he began the suit. The defendant may, therefore, after the cause is removed, file a plea in abatement, or make any defence which he could have made in the Superior Court; *Colt* v. *Partridge*, 7 Met. 570; and any one of the defendants may remove such an action from the Superior Court to the Supreme Judicial Court, although the other defendants do not join in the request. *Whiton* v. *Brodhead*, 3 Cush. 356.

The affidavit of defence which the defendant is required to make is nothing more than what was required of every defendant in an action at law in the Superior and Supreme Judicial Courts by the Gen. Sts. c. 129, § 45; see the St. of 1852, c. 312, § 10, and the St. of 1870, c. 68; and it was never considered that filing such an affidavit prevented a defendant from removing

a suit to the Circuit Court of the United States. Indeed, the statutes of a State cannot prevent the removal to the Circuit Court of the United States of a suit which is within the judicial power of the United States, if the defendant brings himself within the terms of the statutes of the United States which authorize the removal. *Insurance Co.* v. *Morse,* 20 Wall. 445. *Doyle* v. *Continental Ins. Co.* 94 U. S. 535.

But it is argued that § 3 of the United States statutes of 1887 and 1888 implies that the petition for removal must be filed in the State court in which the "suit is brought," and that this means the court in which the suit was originally brought, and that therefore this petition must be dismissed because it was filed in the Supreme Judicial Court after the defendant had removed the suit from the Superior Court. The section plainly means, that the petition must be filed in the suit, and therefore it must be filed in the court where the suit is pending when it is filed. The phrase "the State court in which such suit is brought" appears only in the clause which defines the time within which the petition must be filed. Perhaps it did not occur to Congress that, by the statutes of a State, suits intended to be tried might be removed from the court in which they were originally brought to another court of the same State; but if it had, there is no reason to believe that Congress would have regarded this as a material circumstance. There is no indication that it was ever supposed that the object of the statutes of the United States could be defeated in any such way, or that the statutes of Massachusetts authorizing the removal of suits from the Superior to the Supreme Judicial Court were passed for any such purpose. By our statutes a suit properly removed from the Superior Court to the Supreme Judicial Court is to be proceeded with " as if originally brought in that court," and the Supreme Judicial Court is the court to which the suit has been brought by the removal, and the words " the State court in which such suit is brought," construed in connection with the rest of the statute, can mean nothing else than the State court in which such suit is pending at the time when the petition for removal is filed. For these reasons, a majority of the court are of opinion that the petition for removal should be granted.

*So ordered.*