SHATTUCK v. NORTH BRITISH & MERCANTILE INS. CO. OF LON-
DON AND EDINBURGH et al.

(Circuit Court of Appeals, Eighth Circuit. October 30, 1893.)

No. 294.

1. REMOVAL—NOMINAL PARTIES.
It is not necessary that merely nominal or formal defendants should
join in the petition, where they have not appeared, and where there
is no issue between them and the plaintiff upon which a verdict could
have been rendered.

2. SAME—FOREIGN CORPORATION.
A petition, which shows that the defendant is a corporation chartered
by the laws of a foreign country, need not allege negatively that it is
not a citizen or resident of the state in which suit is brought, although it
may have an office and do business in such state.

3. SAME—SUIT BY ASSIGNEE—CITIZENSHIP OF ASSIGNOR.
If the citizenship of plaintiff's assignor is material, it need not be
specifically alleged in the petition, when it sufficiently appears from
other parts of the record.

4. VERDICT—CLERICAL ERRORS—APPEAL.
When merely formal defendants never appear, and the case proceeds
against the only real defendant, the fact that the verdict is for "defend-
ants," without specifying which of them, if a defect at all, is a mere
clerical error, constituting no ground for reversal on writ of error.

In Error to the Circuit Court of the United States for the Dis-
trict of Kansas. Affirmed.

S. W. Shattuck, Jr., for plaintiff in error.

Thomas Bates, (Fred W. Bentley, on the brief,) for defendants in
error.

Before CALDWELL and SANBORN, Circuit Judges, and THAY-
ER, District Judge.

CALDWELL, Circuit Judge. This was an action at law com-
menced in the district court of Hodgeman county, Kan., on the 3d
day of December, 1891, by S. W. Shattuck, Jr., the plaintiff in error,
against the North British & Mercantile Insurance Company of
London and Edinburgh, the First National Bank of Jetmore, Kan.,
and Frederick George. The complaint alleged, in substance, that
the defendant insurance company verbally promised and agreed
with Frederick George to renew a policy of fire insurance for the
sum of $2,700 on the latter's stock of merchandise in his storehouse
in Jetmore, Kan., from the 14th day of June, 1891, at noon, to the
14th day of June, 1892, at noon; that on the 27th day of June, 1891,
the property was destroyed by fire, and that thereafter the as-
sured, Frederick George, assigned in writing to the plaintiff, as
collateral security for a promissory note for the sum of $2,232.40,
which he owed the plaintiff, his cause of action against the in-
surance company for its failure and neglect to renew the policy.
As to the defendants the First National Bank and Frederick George,
the allegation of the complaint was that they and each "have or
claim to have, adversely to said plaintiff, some interest in or lien
upon the moneys due said plaintiff" from the defendant. There was

a prayer for judgment against the insurance. company for $7,052.34, the value of the goods destroyed by fire; and, as to the defendants the First National Bank and George, the prayer was that each of them be adjudged to have no interest in or lien upon the moneys due the plaintiff from the defendant. All of the defendants were duly summoned to answer. The defendants the bank and George never appeared to the action, and the plaintiff took no default or order against them. The defendant insurance company appeared in the state court, and removed the suit into the federal court, upon the grounds that the plaintiff was a citizen of the state of Kansas, and the defendant insurance company a foreign corporation, chartered by the laws of Great Britain, and a citizen of that kingdom, and that the suit involved a controversy wholly between the plaintiff and the petitioner, which could be finally determined between them. The plaintiff moved to remand the cause for the following, among other, reasons: (1) That all of the defendants did not join in the application for removal; (2) that it did not appear that the controversy was wholly between citizens of different states; (3) that it did not appear that the insurance company was not a citizen of some state of the United States. The overruling of this motion is the error chiefly relied upon.

The bank and George, upon the averments of the complaint, were not necessary parties. The insurance company had no interest in any controversy between those defendants and the plaintiff about the division of the fund that might be recovered from it in the suit. That was a controversy to be determined by a suit between the parties claiming the fund. With such a controversy the insurance company had no concern whatever. At most, the bank and George were merely nominal or formal parties, and the citizenship of such parties, or their presence on the record, is never allowed to defeat the right of removal. It is only parties who are necessary to the determination of the real controversy whose citizenship or presence on the record will defeat the right of removal. Dill. Rem. Causes, (5th Ed.) 18, and cases cited. The plaintiff himself asserts in his assignment of errors and in his brief that there was no issue between him and the bank and George upon which a verdict could have been rendered. For the purposes of removal, therefore, this must be regarded as a suit between the plaintiff and the insurance company.

It sufficiently appears from the petition for removal and the record that the plaintiff is a citizen of the state of Kansas, and that the defendant is a corporation chartered under the laws of Great Britain, and it is immaterial that another and probably insufficient ground of removal is set up in the petition. A corporation created by the laws of a foreign country does not become a citizen or resident of a state of this Union by merely opening an office in the state, and transacting business there; and a petition for removal which shows that the defendant is a corporation chartered by the laws of another state, or a foreign country, does not have to allege negatively that it is not a citizen or resident of the state in which suit is brought against it, because, in legal contemplation, its

residence and citizenship can only be in the state or country by the laws of which it was created, although it may have an office and do business in other states whose laws permit it. Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. Rep. 935; Ward v. Manufacturing Co., 5 C. C. A. 538, 56 Fed. Rep. 437.

On the argument it was urged that the cause was not removable under the act of 1887, (24 Stat. 552, c. 373,) unless it was one of which the federal court could take jurisdiction originally under the provisions of the first section of the act if no assignment of the claim had been made; and that, as the petition for removal fails to show that the citizenship of George, the assignor of the claim, is such that he could have brought the action originally in the federal court, the cause was erroneously removed; and the opinion of Judge Shiras in McNulty v. Insurance Co., 46 Fed. Rep. 305, is cited in support of this contention. We do not find it necessary to express any opinion as to the soundness of this construction of the statute. While it is true the petition for removal does not allege that George, the assignor of the cause of action, is a citizen of Kansas, we think that under the rule laid down in Express Co. v. Kountze Bros., 8 Wall. 342, that fact sufficiently appears from other parts of the record. See Ward v. Manufacturing Co., supra, and cases cited.

It is objected that the verdict of the jury was for the defendant, without designating which defendant. As elsewhere shown, there was but one real defendant in the action. The nominal defendants never appeared, and the plaintiff, in his brief, very properly says: "There was no issue between the plaintiff and two of the defendants upon which a verdict could have been rendered." The record shows that the only issue tried, and the only one the jury were sworn to try, was that between the plaintiff and the insurance company, and that no other party appeared. Judgment was rendered in favor of the defendants. This trifling clerical error, if, indeed, it is such, is capable of correction by an inspection of the record, and constitutes no ground for the reversal of the case. Bank v. Farwell, 56 Fed. Rep. 570.

The judgment of the court below is affirmed.