OWEN (MONTEJO v.). See Case No. 9,722.

## Case No. 10,631.

### OWEN v. NEW YORK LIFE INS. CO.

[1 Hughes, 322.] [1]

Circuit Court, E. D. Virginia. May, 1877.

JURISDICTION — CITIZENSHIP OF FOREIGN CORPORATION COMPLYING WITH STATE LAWS — LIFE INSURANCE — FORFEITURE DURING WAR — EQUITABLE VALUE OF POLICY.

1. The law of Virginia, contained in sections 19 to 36 of chapter 37 of the Code of 1873, does not affect the right of a foreign insurance company which complies with its terms, to move for a removal of a cause in which it is a party, from the state to the United States circuit court, under section 639 of Revised Statutes of the United States and its amendments.

2. Where, under the decision of the United States supreme court, in New York Life Ins. Co. v. Statham, 93 U. S. 240, a declaration framed before this decision is held to be demurrable,

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 5 Pet. (30 U. S.) 358.]

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

the court will, in its judgment sustaining the demurrer, take care that it shall not be in prejudice of the plaintiff's right to amend so as to claim the equitable value of the policy of insurance arising from premiums paid before the forfeiture of the policy by non-payment of the premiums accruing after the commencement of the civil war.

In 1859, the New York Life Insurance Company executed a policy of insurance upon the life of Isham H. Owen, of Danville, Virginia, for the benefit of Mary A. Owen, his wife, in the sum of $5,000, for a premium of $165.50 per annum, payable on that day, and annually on each succeeding 23d day of April in each year until the death of the husband. The premiums were regularly paid to John M. Johnson, an agent of the company, resident in Danville, for the years 1859 and 1860; but they were not paid afterwards; and Isham H. Owen died in October, 1862. Suit was brought in the circuit court of the state, for the city of Richmond, and, within the time prescribed by law, was removed into this court by certiorari, under section 639, of the Revised Statutes of the United States, clause third. Under chapter 36 of the Code of Virginia of 1873 (section 19 to 36 inclusive), "foreign" insurance companies not incorporated by the laws of Virginia, are required to perform, under penalties, certain acts, before engaging in business in the state; among which required acts are, the keeping an agent in the state empowered to acknowledge service of all legal process, and the depositing with the state treasurer of bonds convertible into cash, in guarantee of policies of insurance issued by them, and of taxes accruing and judgments recovered against them. The plaintiff moves that the cause be remanded to the circuit court of Richmond, as having been improperly removed here. The defendant demurs to the declaration and each count of it. The declaration as amended consists of three counts. In each count the same contract is set out, viz.: that the defendant insured the life of plaintiff's husband for her benefit upon certain conditions; that all of those conditions were strictly complied with except one, which required the payment of a premium on the 23d of April, 1861; that a state of flagrant war existed at the time when that premium became due; that the plaintiff's husband died in October, 1862; and that due notice and proof of his death was given defendant as soon as the war ceased. In all of the counts the non-payment of the premium due April 23d, 1861, and April 23d, 1862, is admitted; and it is admitted that by the terms of the contract, as declared upon, it was expressly stipulated that it should become null and void by the non-payment of any premium. The first count avers that the plaintiff was ready and willing to pay the premium due 23d of April, 1861 and 1862, but avers the defendant had no agent to receive them, and so plaintiff did not pay. The second count avers that the plaintiff was ready and willing to pay, and actually tendered the premium due April 23d, 1861, to one John M. Johnson, to whom the prior premium had been paid, who was then agent, etc., who refused to receive it, and that no tender was made April 23d, 1862, because defendant had no agent to receive it. The third count avers that plaintiff was ready and willing to pay, but did not pay, nor tender payment of premium due 23d of April, 1861 or 1862, because Johnson, who before that time had been agent, by his acts and words induced plaintiff to believe that he would not receive the money and give a valid receipt therefor, and there was no other agent of defendant to whom plaintiff could legally pay. Each and every count avers that war was flagrant on the 23d April, 1861, and continued so until after the death in 1862.

Wood Bouldin, E. E. Bouldin, and Elisha Barksdale, for plaintiff.

W. W. Old and Johnston, Baulware & Williams, for defendant.

HUGHES, District Judge. The case is before the court, first, on a motion to remand the cause to the circuit court of Richmond, whence it was removed into this; and, second, on the demurrer of defendants to the declaration, or rather, to the second and third counts of the declaration, plaintiff's counsel admitting the first count to be defective in view of the decision of the supreme court of the United States, in the case of New York Life Ins. Co. v. Statham, 93 U. S. 24.

1st. As to the motion to remand, plaintiff's counsel cite the recent decision of the supreme court of appeals of Virginia, in Continental Ins. Co. v. Kasey, from Roanoke county, 27 Grat. 216. In that case, the motion to remove from the state to the United States court was made after a final trial, and the motion was properly denied. Such is not the case here. It is not pretended that the removal was made after trial, or final hearing, in the court of Richmond. True, the court of appeals go on in the opinion to argue and express the conclusion that a foreign company which complies with the requirements of the laws of Virginia imposed upon foreign companies, by depositing with her treasurer a certain amount of securities in guarantee of their policies, keeping an agent in the state empowered to acknowledge service of process, etc., etc., thereby becomes a resident company, and loses its right as a non-resident to remove a suit to the United States court. But the very facts of having such an agent, and depositing bonds of guarantee, etc., etc., such as the law of the state requires of "foreign" companies, are badges and demonstrations of non-residence; and it is difficult to see how the very proofs of a "foreign" company's non-residence prescribed and accepted as such by law, can be construed as constituting residents. At all events, the United States courts could not delegate to a state court, even of the highest resort and authority, as

in this case, the determination of such questions of residence and citizenship as involve the right of suing in the United States courts; and a decision even of the supreme court of appeals of Virginia on this subject cannot be accepted as binding by this court. The motion to remove is therefore denied.

2d. As to the demurrer to the declaration; the averments of the three several counts of the declaration, so far as these are material to the questions raised by the demurrer, are substantially the same, though varying somewhat in detail. It is useless to particularize the distinction between these averments; because they all alike contain the common averment that war between the United States and the Confederate States existed, and was flagrant on the 23d of April, 1861, and continued so after the 23d of April, 1862. The fact may be, that the war did not exist in a legal point of view until the 27th of April, 1861; but we are concluded by the averments of the declaration and each count of it, in this respect. The fact is asserted by the declaration, and conceded by the demurrer, that flagrant war existed on the 23d of April, 1861. This fact being assumed. there was not only a non-payment of the premium on that day, but such non-payment was obligatory in consequence of the existence of war. It would have been contrary to the public duty of the plaintiff to make the payment. It was decided by the supreme court of the United States in the case of New York Life Ins. Co. v. Statham [supra], that where the non-payment of a premium is caused by the intervention of war making it unlawful for the plaintiff and defendant to hold intercourse with each other, the defendant may take advantage of the non-payment so occasioned, and insist upon it as a forfeiture of the policy of insurance, where the policy made any non-payment the condition of forfeiture. That decision carries two propositions, viz.: First, that where non-payment of a premium is made by the policy a condition of forfeiture, that provision is binding, and the company may insist upon the forfeiture; and second, that when the non-payment occurs during flagrant war, making all intercourse between plaintiff and defendant unlawful, the non-payment is absolute; and, whether it would be excusable or not if happening under other circumstances, must be treated as a fixed fact, consequent upon the existence of war, of which the defendant may take advantage. Inasmuch, therefore, as the declaration in each count admits the non-payment of the premium due on 23d of April, 1861, and on 23d April, 1862, and alleges the existence of war on both these dates. which is equivalent to alleging the illegality and nullity of the payments even if they were made, the demurrer must be sustained as against each of the three several counts. But inasmuch as the supreme court, in its decision which has been cited, held that the assured was entitled to the equitable value of the policy arising from the premiums

which were actually paid, the order of the court sustaining the demurrer shall be without prejudice to the right of the plaintiff to file an amended declaration, claiming the equitable value of the policy arising from the premiums paid on the 23d April, in 1859 and 1860. I will also hear after notice a motion for leave to amend the second count of the declaration by striking out the averment of the existence of war on the 23d April, 1861.