PHINIZY et al. v. AUGUSTA & K. R. CO. et al.

(Circuit Court, D. South Carolina. May 16, 1893.)

1. FEDERAL COURTS—JURISDICTION—CITIZENSHIP—RECEIVERS.

A certain railroad company had been incorporated both in Georgia and South Carolina. The United States circuit court of the former state had appointed a receiver, and an ancillary bill was filed in the latter state to have his authority extended over the property of the company therein. The complainant in the bill was a citizen of Georgia. Other citizens of Georgia were parties to the bill, which was the counterpart of the one originally filed, but no relief was asked against them. *Held*, that the controversy was between citizens of different states, and the circuit court has jurisdiction.

2. SAME—RECEIVERS—APPOINTMENT—COMITY.

The same receiver was appointed by the South Carolina court, on principles of comity. Afterwards the trustees under a mortgage to secure bonds issued by the railroad company filed a bill for the appointment of a receiver, and for foreclosure of the mortgage. It was shown that the Georgia court appointed its receiver at the instance of another company that controlled the stock of the present defendant, to further the interests of the dominant company's system, and not in the interest of creditors; and, further, that that court had since held that its action in the premises was unauthorized. *Held*, that under these circumstances a new receiver should be appointed, who can represent all interests, and whose position would be unassailable.

3. SAME—PARTIES.

It is not necessary that the original receiver should be made a party to such bill, for he is an officer of the court, and already within its jurisdiction and control. Nor is another corporation, against which charges are made, a necessary party, where no relief is asked against it.

4. MORTGAGES—RIGHTS OF MORTGAGEES—EQUITY.

Though the mortgage provides that the trustees, after default, and upon petition of the owners of a certain amount of the bonds, may take possession of and manage the road, or sell it, at their option, this does not affect their rights, as legal owners of the mortgage, to go into a court of equity after default, and ask the appointment of a receiver, and foreclosure of the mortgage, without waiting for any action on the part of the bondholders.

5. FEDERAL COURTS—JURISDICTION—CITIZENSHIP—CORPORATIONS.

For the purpose of determining the jurisdiction of the circuit courts of the United States, a corporation chartered by several states must, when sued in either state, be treated as a citizen of that state alone, without regard to where it has its principal place of business.

In Equity. Bill to foreclose a mortgage, and for the appointment of a receiver.

W. K. Miller and W. G. Charlton, for complainants.

Lawton & Cunningham, Mitchell & Smith, and H. B. Tompkins, for defendants.

SIMONTON, District Judge. The bill was filed by Charles H. Phinizy and Alfred Baker, trustees, against the Augusta & Knoxville Railroad Company and the Port Royal & Western Carolina Railway Company, for foreclosure of mortgage, praying the appointment of a receiver.

The Augusta & Knoxville Railroad Company, whose road extended from Augusta, in the state of Georgia, to Greenwood, in the state

v.56 F.no.6—18

of South Carolina,—a distance of nearly 70 miles,—was incorporated under acts of assembly of the state of South Carolina. It was also incorporated under an act of assembly of the state of Georgia. On the 1st of July, 1880, this company executed and delivered a mortgage of all of its property, tolls, and income unto William A. Walton, who is now dead, and the present complainants, as trustees, to secure an issue of $650,000 coupon bonds, bearing interest at the rate of 7 per centum per annum. A provision is inserted in the mortgage that, in case interest shall remain unpaid on said bonds for three months after the same may become due, each and every bond shall become due and payable, and the trustees are empowered, upon application by holders of $50,000 of said bonds, and it is made their duty, to enter upon and take possession of the mortgaged property, and manage the same, with the option of selling the same, on 60 days' notice, at sale for cash. After the execution of this mortgage, and the issue of the bonds thereunder, the Augusta & Knoxville Railroad Company consolidated with three other roads, all meeting at its terminus at Greenwood. These were the roads from Greenwood to Spartanburg, the road leading from Greenwood to Laurens, and thence to Greenville, S. C., and the Savannah Valley Railroad Company, from Greenwood to Anderson, S. C. The consolidation was effected under sections 1425–1428 of the General Statutes of the state of South Carolina. The name adopted by the consolidated companies was the Port Royal & Western Carolina Railway Company.

By virtue of these sections of the statute law of South Carolina, all the property and rights of property and franchises of each of these corporations were transferred to and vested in the new corporation, with this proviso:

"That all rights of creditors, and all liens upon the property of said corporations, shall be preserved unimpaired, and the respective corporations may be deemed to continue in existence to preserve the same; and all debts, liabilities, and duties of either of said companies shall thenceforward attach to said new corporation, and be enforced against it, to the same extent as if said debts, liabilities, and duties had been incurred or contracted by it."

Thenceforward the existence of the Augusta & Knoxville Railroad Company became and was merged in, and became an integral part of, the Port Royal & Western Carolina Railway Company, and, except for the purposes set out in the proviso, it ceased to be a corporation. After this consolidation the Port Royal & Western Carolina, the whole, or certainly a majority, of whose capital stock was owned by the Central Railroad & Banking Company of Georgia, and was so under the control of that company, became a part of the Central Railroad system; and by proceedings had in the circuit court of the United States for the southern district of Georgia, eastern division, in a cause of Rowena Clark et al. v. The Central Railroad & Banking Company et al., and in a certain other cause of The Central Railroad & Banking Company v. The Farmers' Loan & Trust Company et al., was placed in the hands of receivers and eventually in the hands of one receiver, H. M. Comer, Esq.,

who was president of the dominant company. After the appointment of Mr. Comer, proceedings were filed in this district in the name of The Central Railroad & Banking Company v. The Farmers' Loan & Trust Company, ancillary in character, praying the extension of the authority of this receiver over that part of the Port Royal & Western Carolina Railway Company in South Carolina. Recognizing and following the comity exercised between courts of the United States, this court adopted and ratified the appointment of Mr. Comer.

It is stated in the bill under investigation, and it was insisted upon in argument, that this appointment of Mr. Comer was coram non judice, being without and beyond the jurisdiction of this court. The bill, as filed in this district, was a counterpart of that filed in Georgia, presumably to demonstrate its purpose as an ancillary bill. Named in it were several parties defendant, citizens of the state of Georgia, of which the complainant was also a citizen. But the whole scope and purpose of the bill was the appointment of a receiver for the Port Royal & Western Carolina Railway Company. No relief was prayed, and no controversy, claim, demand, or interest with any Georgia corporation was made, shown, or suggested. With this prayer alone, and with the Port Royal & Western Carolina Railway Company, this court dealt. And treating everthing else in the bill as surplusage, disregarding and ignoring the same, it took jurisdiction, as between a corporation organized under the law of Georgia and this Port Royal & Western Carolina Railway Company, organized under the laws of South Carolina, decreed as between them, and appointed a receiver. There can be no doubt as to its jurisdiction to make this decree, and none as to the validity of this appointment of H. M. Comer as receiver. But this appointment was as auxiliary to, and solely because of, the appointment made in the circuit court of the southern district of Georgia; and if, for any reason, of comity or otherwise, it should seem best to this court to revoke this appointment, it can and will be done. Default having been made in the payment of interest coupons on bonds of the Augusta & Knoxville Railroad Company, the duties of the surviving trustees became active. Instead of exercising, or waiting to be called upon to exercise, the powers conferred upon them in the mortgage, they have come into this court and have filed their bill, praying foreclosure of this mortgage, and for the appointment of a receiver. To this bill they made the Augusta & Knoxville Railroad Company and the Port Royal & Western Carolina Railway Company parties, claiming that, under the proviso of the section of the General Statutes of South Carolina above quoted, their claim and lien have been enlarged and extended over all the property of the last-mentioned railway company, and including it and its property in the prayer for a receiver. At the hearing the bill was so amended as to make the Central Trust Company of New York a party defendant. This company holds the majority of an issue of first mortgage bonds of the Port Royal & Western Carolina Railway Company, covering its entire property, including that con-

tributed by the Augusta & Knoxville Railroad Company. When this last amendment was made the Central Trust Company of New York entered a special appearance for the purpose of filing an objection in the nature of a plea to the jurisdiction. This is of a twofold character:

1. That the complainants are citizens of the state of Georgia, and that the defendants the railroad and the railway company, are corporations both of Georgia and South Carolina. That the headquarters and principal place of business of each' of them are in Augusta, Ga., and so this court cannot entertain jurisdiction. This plea is overruled. By a long line of decisions, the supreme court have established the doctrine that the citizenship of a corporation is not determined or affected by the place or places where it does business. This is determined by its act of incorporation, and it is a citizen of the state to which it owes its life, and of none other. Shaw v. Mining Co., 145 U. S. 449, 12 Sup. Ct. Rep. 935. Mr. Morawitz, in his work on Corporations, (section 996,) sums up the law thus:

"A corporation chartered by several states may, by the use of a fiction, be regarded as a distinct corporation in each state, within the purpose and meaning of the particular laws by which it may be effected. Thus it may be treated in each state as a citizen of that state only, in determining the jurisdiction of the federal courts."

In section 999 he states it more accurately:

"For the purpose of determining the jurisdiction of the circuit court of the United States, a corporation chartered by several states must, when sued in either state, be treated as a citizen of that state alone."

He quotes Railway Co. v. Whitton, 13 Wall. 283, and a number of other cases, which justify him. And in Nashua & L. R. Corp. v. Boston & L. R. Corp., 136 U. S. 356, 10 Sup. Ct. Rep. 1004, the same doctrine is laid down.

2. The other objection is this: The bill abounds with allegations as to the invalidity of the ownership by the Central Railroad & Banking Company of the stocks and bonds of this company, and with charges as to the invalidity of the appointment of H. M. Comer as receiver; that these are necessary parties; and that, if they be made parties, being citizens of the same state with the complainants, this court must lose jurisdiction. It is true that charges are made in the bill of the character stated against the Central Railroad & Banking Company, but no controversy whatever is stated between that company and the complainants, and no sort of relief asked by them against the Central Railroad & Banking Company, and no right whatsoever to any relief shown. No order or decree made under these pleadings can affect in any way the Central Railroad & Banking Company. All that is said is said arguendo, and may be stricken from the bill as surplusage, or perhaps as evidentiary matter only, without affecting the main scope of the bill. Were an amendment offered to make this company a defendant, and were such an amendment by any chance granted, a motion to dismiss the new defendant would at once be in order. With regard to Mr. Comer, he is the hand and repre-

sentative of the court. His presence is in the court, and he is recognized here. Charges made against him are charges against an officer already within the jurisdiction and control of the court. It would be a matter of supererogation to make him a party. This objection is overruled.

One other objection has been made at the hearing which must be noticed. It is said that the complainants derive all their powers from the trust deed by way of mortgage; that they are limited by this deed, and that the trust is to be strictly construed; that this deed limits their action by the request of holders of $50,000 worth of bonds, both in taking possession of and in selling the property; and that the property in which alone they have an interest is the road from Augusta to Greenwood. So their bill is itself demurrable, and their prayer for a receiver over all the property of the Port Royal & Western Carolina Railway Company is preposterous. If the trustees assume to act, relying only upon the powers contained in the mortgage, they must show that the terms of the power have been strictly complied with. But they are the holders of the legal estate in this mortgage,—the mortgagees in trust for bondholders. They represent the bondholders in all litigation, and they cannot be ousted from this representation except upon some showing of misfeasance. They have the same right as any other suitor to come in and ask the aid of the court, and this simply because they are legal owners of the mortgage. A trustee can always come into court of equity for aid or instruction in conserving his trust. And, if the view presented by the counsel for complainant has the shadow of reason for it, that by the terms of the sections of the General Statutes of South Carolina, above quoted, not only the liability upon these bonds has been assumed by the consolidated company, but that also the terms of their mortgage have been so enlarged and extended by this act as to bring all the property of the consolidated company within them, they have the unquestionable right to submit this question to the court, and to its decision thereon. See Kerrison v. Stewart, 93 U. S. 160; Shaw v. Railroad Co., 100 U. S. 605.

The case comes up upon the return to the rule to show cause why a receiver be not appointed, issued when the bill was filed. The return admits and confirms the allegations of the bill as to the insolvency of the Port Royal & Western Carolina Railway Company, and of that of the Augusta & Knoxville Railroad Company. It alleges, however, that this property is already in the hands of a receiver appointed by this court, and that no further appointment is necessary. It is true that the property is now in the hands of Mr. Comer, appointed receiver. This appointment, however, was made in proceedings filed by the Central Railroad & Banking Company, in order to maintain its system, and to subserve the interests of itself, and perhaps other stockholders. The present proceedings are instituted by creditors who seek protection of their interests as superior to those of any stockholder. They pray foreclosure of their mortgage and the sale consequent thereon. The scope and purpose of these proceedings are vastly different from that

of the bill under which Mr. Comer was appointed. That bill sought to preserve the status quo. These proceedings seek its destruction. The rights and equities of creditors—mortgage creditors especially—are paramount to those of stockholders. Besides this, Mr. Comer was appointed receiver solely for the reason that he had been appointed in the southern district of Georgia, and to give full scope to the decree of that court. He was appointed at the same time receiver of the Port Royal & Augusta Railway Company. These two railways in South Carolina occupy precisely the same relations with the Central Railroad & Banking Company, and were both parties defendant in the Georgia case. The circuit court for the southern district of Georgia has recently reconsidered its action in appointing a receiver for the Port Royal & Augusta Railway Company, declaring such action unauthorized. There can be no doubt that the case of the Port Royal & Western Carolina Railway Company is on all fours with that of the Port Royal & Augusta Railway Company. If the order was coram non judice as to one company, it must be so as to the other. Under these circumstances, there can be no hesitation in now making the appointment of a receiver who can represent all interests and whose position will be unassailable.

Counsel have asked to be heard as to a proper person to be appointed receiver. Let this hearing be had at an early day.

On the day upon which this case was heard a bill was filed in this court—8th May, 1893—praying foreclosure of a mortgage on the property and assets of the Port Royal & Western Carolina Railway Company, and for the appointment of a receiver. The complainant is the Central Trust Company of New York, the railway company being the sole defendant. The complainant is the holder in trust of the majority of an issue of $2,500,000, bonds of the railway company, secured by a mortgage of its entire property, tolls, and income. It is junior in lien to the mortgage of the Augusta & Knoxville Railroad Company. As this last-named company has been merged in the Port Royal & Western Carolina Railway, and its business is inseparable from that of the last-named company, the receiver appointed must have charge of the entire road, and this whether the contention of the present complainants as to the effect of the proviso of the General Statutes on their mortgage be sound or not. The selection of a receiver will therefore be made after hearing counsel in both cases.