HOWARD v. GOLD REEFS OF GEORGIA, Limited.

(Circuit Court, N. D. Georgia. March 20, 1900.)

No. 1,522.

1. REMOVAL OF CAUSES—PETITION—NECESSITY OF VERIFICATION.

A petition for removal need not be verified, if made in good faith, and no objection was made in the state court, and a verification is unnecessary where all the facts shown by the petition which might be controverted appear otherwise in the record.

2. SAME—ALLEGATION OF NONRESIDENCE—FOREIGN CORPORATION.

Where the pleadings of the plaintiff show the defendant to be a foreign corporation, the fact that it is a nonresident of the state is presumed under the law, and need not be alleged in a petition for removal.

3. SAME.

The facts that the name of a corporation indicates that it is a corporation of a particular state, and that it owns property, carries on business, and maintains an office in such state, do not overcome the presumption that it is a nonresident of such state, and entitled as such to remove a suit against it by a citizen of the state, where the plaintiff's pleadings show that it was incorporated in a foreign country.

On Motion to Remand to State Court.

J. J. Kemsey, J. W. Underwood, and H. H. Dean, for plaintiff.

S. C. Dunlap and H. H. Perry, for defendant.

PARDEE, Circuit Judge. This is an action originally brought in the superior court of White county, Ga., to recover damages for personal injuries. The declaration shows that the Gold Reefs of Georgia, Limited, is an alien corporation, incorporated under and by virtue of the laws of Great Britain; that its principal office is in London, England; that said corporation owns property in White county, Ga., is operating same, and has in White county a branch office and a representative, who has the entire management, charge, and control of the acts, doings, and business of said corporation in White county. Defendant company removed the case to this court, the petition showing diverse citizenship. Plaintiff moves to remand the case because (1) the petition for removal is not sworn to; (2) it is not averred that the defendant is a nonresident of the state of Georgia; (3) defendant is a resident of the state of Georgia.

1. A petition for removal need not be verified, if made in good faith, and no objection was made in the state court. See Removal Cases, 100 U. S. 471, 25 L. Ed. 593. No verification was needed in this particular case, because all the facts shown in the petition otherwise appeared in the record, except citizenship of the plaintiff in Georgia, and that is not disputed.

2. The defendant, being a foreign corporation, is presumed, under the law, to be a resident only of the state or country where it was created. See Shaw v. Mining Co., 145 U. S. 450, 12 Sup. Ct. 935, 36 L. Ed. 768, and cases there cited. Nonresidence being presumed, and nothing appearing in the record to dispute the same, it need not be alleged in the petition for removal. See Shattuck v. Insurance Co., 7 C. C. A. 386, 58 Fed. 609.

3. It is argued that the defendant company is a resident of Georgia,

102 F.—42

notwithstanding the presumption to the contrary, because its name so indicates, it owns and operates property, has a branch office and agents and representatives, all in White county, state of Georgia. This is in conflict with the decisions of the supreme court above cited. Counsel relies on St. Clair v. Cox, 106 U. S. 355, 1 Sup. Ct. 354, 27 L. Ed. 222, and Insurance Co. v. Woodworth, 111 U. S. 146, 4 Sup. Ct. 364, 28 L. Ed. 379. These cases go no further than to declare that a corporation doing business in a state other than where created may be sued in the courts of the latter state, when its laws so provide. In fact, Insurance Co. v. Woodworth, supra, was a removed case, and the propriety of its removal was maintained. That a corporation may be a citizen of two or more states does not affect the present question. In Martin's Adm'r v. Railroad Co., 151 U. S. 673, 677, 14 Sup. Ct. 535, 38 L. Ed. 313, the law is clearly stated, to wit:

"A railroad corporation created by the laws of one state may carry on business in another, either by virtue of being created a corporation by the laws of the latter state also, as in Railroad Co. v. Vance, 96 U. S. 450, 24 L. Ed. 752; Memphis & C. R. Co. v. Alabama, 107 U. S. 581, 2 Sup. Ct. 432, 27 L. Ed. 518; Clark v. Barnard, 108 U. S. 436, 2 Sup. Ct. 878, 27 L. Ed. 780; Stone v. Trust Co., 116 U. S. 307, 6 Sup. Ct. 334, 388, 1191, 29 L. Ed. 636; and Graham v. Railroad Co., 118 U. S. 161, 6 Sup. Ct. 1009, 30 L. Ed. 196,—or by virtue of a license, permission, or authority granted by the laws of the latter state to act in that state under its charter from the former state. Railroad Co. v. Harris, 12 Wall. 65, 20 L. Ed. 354; Railroad Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643; Pennsylvania R. Co. v. St. Louis, A. & T. C. R. Co., 118 U. S. 290, 6 Sup. Ct. 1094, 30 L. Ed. 83; Goodlett v. Railroad Co., 122 U. S. 391, 7 Sup. Ct. 1254, 30 L. Ed. 1230; Marye v. Railroad Co., 127 U. S. 117, 8 Sup. Ct. 1037, 32 L. Ed. 94. In the first alternative, it cannot remove into the circuit court of the United States a suit brought against it in a court of the latter state by a citizen of that state, because it is a citizen of the same state with him. Memphis & C. Co. v. Alabama, above cited. In the second alternative, it can remove such suit, because it is a citizen of a different state from the plaintiff. Railroad Co. v. Koontz, above cited."

There does not appear to be any difference between railroad corporations and other corporations in the matter of residence, domicile, inhabitance, or citizenship. The motion to remand is denied.