BAUMGARTEN et al. v. ALLIANCE ASSUR. CO., LIMITED, OF LONDON, ENGLAND.

(Circuit Court, N. D. California. April 17, 1907.)

No. 14,234.

**1. CORPORATIONS—CITIZENSHIP—RESIDENCE.**

A corporation organized under the laws of any one of the United States is in contemplation of law a citizen and resident of the state in which it is incorporated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 141–147.

Citizenship for purposes of federal jurisdiction, see note to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174; Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

**2. REMOVAL OF CAUSES—RESIDENCE—FOREIGN CORPORATIONS.**

Act March 3, 1887, c. 373, 24 Stat. 552, as corrected and amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], provides for the removal of causes in which there shall be controversy between citizens of the state and foreign states, citizens, or subjects, and section 2 declares that all such suits may be removed to the Circuit Court of the United States for the proper district by the defendant or defendants therein being nonresidents of that state. *Held* that, where defendant was an alien insurance corporation, it was a nonresident of California within such act, though it had a branch office within the state for the transaction of business.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 64–68.]

Edward Lynch and Bertin A. Weyl, for plaintiffs.

T. C. Van Ness, for defendant.

DE HAVEN, District Judge. This is an action to recover a personal judgment against the defendant, an alien corporation, upon certain policies of insurance against fire, executed and delivered by it to the plaintiffs in the city of San Francisco, state of California. The amount sued for exceeds, exclusive of costs and interest, the sum of $2,000. The action was originally commenced in the superior court of the city and county of San Francisco, in this state, and the defendant within the time allowed by law to plead to the complaint appeared in the state court, demurred to the complaint, and at the same time filed its petition for removal of the case to this court, as provided in Act March 3, 1887, c. 373, 24 Stat. 552, as corrected and amended by Act August 13, 1888, c, 866, 25 Stat. 433 [U. S. Comp.

St. 1901, p. 508]. In its petition for removal the defendant alleges that when the suit was commenced, and at the date of filing such petition, the plaintiffs were and are citizens of the state of California, and that the defendant "was and still is a citizen of, and a corporation duly organized and existing under and by virtue of the laws of, and a resident of, the United Kingdom of Great Britain and Ireland." Upon the filing of the petition and giving the bond required by law, the state court made an order removing the case into this court, and plaintiffs have moved to remand the same to the state court.

It is provided in section 1 of the act above referred to that:

"The Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, * * * in which there shall be a controversy between citizens of different states, * * * or a controversy between citizens of a state and foreign states, citizens, or subjects."

And it is further provided in section 2 of the same act that all such suits then pending, or which may be subsequently brought in any state court, "may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

As before stated, the petition for removal of the case to this court alleges that the defendant is a corporation organized and existing under and by virtue of the laws of the United Kingdom of Great Britain and Ireland, and a resident of that kingdom. This is a sufficient allegation that the defendant is a nonresident of this state, if an alien corporation doing business in the state and having a branch office therein for the purpose of the transaction of such business is in the sense of the law to be deemed a resident of the country under whose law it was created and exists; and whether it is to be so regarded or not is the only question presented by the motion to remand. It has been held by the Supreme Court in a long line of decisions that a corporation organized under the laws of any of the United States is, in contemplation of law, a citizen and resident of the state in which it was incorporated. In Bank of Augusta v. Earle, 13 Pet. 519, 10 L. Ed. 274, the court, in speaking upon this subject, said:

"It [the corporation] must dwell in the place of its creation, and cannot migrate to another sovereignty. But, although it must live and have its being in that state, yet it does not by any means follow that its existence there will not be recognized in other places; and its residence in one state creates no insuperable objection to its power of contracting in another."

This is quoted with approval in Shaw v. Quincy Mining Company, 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; the court saying:

"This statement has been often reaffirmed by this court, with some change of phrase, but always retaining the idea that the legal existence, the home, the domicile, the habitat, the residence, the citizenship of the corporation, can only be in the state by which it was created, although it may do business in other states whose laws permit it."

It is claimed by the plaintiffs that this rule is not applicable to an alien corporation, and that such a corporation may properly be held

to be a resident of any state where it has an office and engages in the transaction of business through local agents. This was so decided in Miller v. Eastern Oregon Gold Mining Company (C. C.) 45 Fed. 348, and in Gilbert v. New Zealand Ins. Co., 49 Fed. 884, 15 L. R. A. 125. The argument in support of this proposition is thus stated in Miller v. Eastern Oregon Gold Min. Co. (C. C.) 45 Fed. 348, just cited:

"It is not probable that Congress intended to give a corporation, the subject of a foreign state, engaged in business, with a local habitation in the United States, the option of suing a citizen of the United States in a national court, and to deny such citizen having a controversy with or a demand against such foreign subject, engaged in business in the United States, the corresponding privilege. And yet, if a corporation, the subject of a foreign state cannot become an inhabitant of this district, because it cannot migrate here and become a citizen of the state, such result would follow."

I cannot concur in this view. In Barrow Steamship Company v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964, the court said:

"The object of the provisions of the Constitution and statutes of the United States, in conferring upon the Circuit Courts of the United States jurisdiction of controversies between citizens of different states of the Union, or between citizens of one of the states and aliens, was to secure a tribunal presumed to be more impartial than a court of the state in which one of the litigants resides."

It was for the evident purpose of effecting this object that Congress in section 2 of the act above referred to provided that any suit brought in a state court, in which the parties are citizens of different states, or in which the controversy is between a citizen of the state and an alien, may be removed into the Circuit Court of the United States of the proper district, when the defendant is a nonresident of the state in which the action is brought. The nonresident defendant may be either a natural person or a corporation; and, as to domestic corporations—that is, corporations organized under the laws of the several states of the Union—it is settled beyond all controversy in the federal courts that they are residents of the state in which they are incorporated; and why should there be a different rule when the question is as to the residence of an alien corporation? Both the domestic and the alien corporation are artificial persons, and there is precisely the same reason for holding in the one case as in the other that the legal residence of a corporation is in the country or state from whose laws its being is derived, and that such residence is not changed by doing business elsewhere. This conclusion is sustained by the decision of the Supreme Court in the case of In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211. In that case the court in construing that clause of section 1 of the act of March 3, 1887, as corrected by the act of August 13, 1888, c. 866, 25 Stat. 433, which provides that no civil suit shall be brought before either a Circuit or District Court of the United States "against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," held that such clause does not apply to an alien corporation, and a reading of the opinion will disclose that the reason for thus holding is that an alien corporation is not an inhabitant of any district of the

United States. In the case of In re Keasbey & Mattison Co., Petitioner, 160 U. S. 229, 16 Sup. Ct. 273, 40 L. Ed. 402, the court in distinguishing the case then before it from that of In re Hohorst, just cited, said:

"That case is distinguishable from the one now before the court in two essential particulars: First. It was a suit against a foreign corporation, which, like an alien, is not a citizen or an inhabitant of any district within the United States; and was therefore not within the scope and intent of the provision requiring suit to be brought in the district of which the defendant was an inhabitant. See Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248. Second. It was a suit for the infringement of a patent right, exclusive jurisdiction of which had been granted to the Circuit Courts of the United States by section 629, cl. 9, and section 711, cl. 5, of the Revised Statutes [U. S. Comp. St. 1901, pp. 504, 578], re-enacting earlier acts of Congress, and was therefore not affected by general provisions regulating the jurisdiction of the courts of the United States concurrent with that of the several states."

It may be added in conclusion that in Howard v. Gold Reefs of Georgia (C. C.) 102 Fed. 657, and in Shattuck v. North British & Mercantile Insurance Co., 58 Fed. 609, 7 C. C. A. 386, it was distinctly held that an alien corporation is a nonresident within the meaning of the statute under consideration here, and entitled to have a suit brought against it by a citizen of a state in a state court removed to the Circuit Court of the United States for the proper district for trial. In the case last cited, the Circuit Court of Appeals for the Eighth Circuit, Caldwell, Circuit Judge, delivering its opinion, said:

"A corporation created by the laws of a foreign country does not become a citizen or resident of a state of this Union by merely opening an office in the state, and transacting business there; and a petition for removal which shows that the defendant is a corporation chartered by the laws of another state or a foreign country does not have to allege negatively that it is not a citizen or resident of the state in which suit is brought against it, because in legal contemplation its residence and citizenship can only be in the state or country by the laws of which it was created, although it may have an office and do business in other states whose laws permit it."

This, in my opinion, correctly states the law applicable to the question now considered, and it follows therefrom that the motion to remand must be denied. So ordered.