## JUAN V. MORCIGLIO, Plff.,

*v.*

## SOUTH PORTO RICO SUGAR COMPANY, Dft.

San Juan, Law, No. 1318.

### DOMICIL OF CORPORATION.

Corporation—Citizenship.

1. The citizenship of a corporation is indisputably presumed to be where it is incorporated.

Corporation—Place of Business.

2. The local law cannot make the place of doing business the domicil of a corporation. Unlike an individual, a corporation cannot change its residence.

Opinion filed August 22, 1919.

Morciglio v. South Porto Rico Sugar Co.

*Mr. A. S. Poventud* for plaintiff.

*Mr. O. B. Frazer* for defendant.

HAMILTON, Judge, delivered the following opinion:

This suit was brought by plaintiff, an American citizen, against defendant in the local courts, and upon application of defendant was removed to the United States district court. The motion is now made to remand the case on the ground that the defendant, while admittedly incorporated in New Jersey, is domiciled in Porto Rico, and hence under § 41 of the Jones Act of March 12, 1917, without the jurisdiction of the Federal court. The proof submitted seems to show that the defendant was incorporated in New Jersey, that it does a very large business in Porto Rico in the planting of sugarcane and manufacture of sugar,—indeed by far the largest sugar business in the Island,—and that it has conformed to the usual statutory provisions appointing an agent for purposes of service and consenting to be sued in the Porto Rican courts. It is in evidence that the defendant does a large business also in the neighboring island of Santo Domingo. It is not in evidence, but it is quite possible, that on account of the size of Santo Domingo the business there will ultimately be larger than that in Porto Rico. However, at present the defendant is one of the largest corporations in Porto Rico if indeed not the very largest on the Island. It is contended that under these circumstances whatever right it had as a foreign corporation has been waived, and that it is to all intents and purposes a domestic corporation.

1. There can be no question that the citizenship of the de-

fendant is that of New Jersey, as the place of incorporation of a corporation fixes that point. It has been called an undisputable legal presumption. St. Louis & S. F. R. Co. v. James, 161 U. S. 545, 40 L. ed. .802, 16 Sup. Ct. Rep. 621. This is not only true of citizenship, but of residence of the corporation. Baumgarten v. Alliance Assur. Co. 153 Fed. 301. There is no appreciable difference between residence and domicil for purposes of jurisdiction.

2. A local law fixing conditions upon which business can be transacted does not prevent a corporation from removing a suit to the Federal court. Foster, Fed. Pr. 5th ed. 47, p. 138. Entering a state for the purposes of doing business does not make a corporation a citizen of that state. Pennsylvania R. Co. v. St. Louis, A. & T. H. R. Co. 118 U. S. 290, 30 L. ed. 83, 6 Sup. Ct. Rep. 1094. Even becoming a citizen of a second state does not take away the original rights of citizenship in the first state. Louisville, N. A. & C. R. Co. v. Louisville Trust Co. 174 U. S. 552, 43 L. ed. 1081, 19 Sup. Ct. Rep. 817; Southern R. Co. v. Allison, 190 U. S. 326, 47 L. ed. 1078, 23 Sup. Ct. Rep. 713. Not only is a state without power to make a condition of doing business that a foreign corporation shall waive the jurisdiction of the Federal courts, but if the company make such agreement it is void. Barron v. Burnside, 121 U. S. 186, 30 L. ed. 915, 1 Inters. Com. Rep. 295, 7 Sup. Ct. Rep. 931; Southern P. Co. v. Denton, 146 U. S. 202, 36 L. ed. 943, 13 Sup. Ct. Rep. 44. Citizenship of a corporation is not affected by the place or places where it does business; this is determined by the act of incorporation. Phinizy v. Augusta & K. R. Co. 56 Fed. 273. Unlike an individual, a corporation cannot change its residence. Hollingsworth v. Southern R. Co. 86 Fed. 353.

Where the charter is granted there the citizenship or residence remains. Baughman v. National Waterworks Co. 46 Fed. 4. Fixing conditions on which a foreign corporation may do business in a state necessarily implies that it is and remains a foreign corporation. Owen v. New York L. Ins. Co. 1 Hughes, 322, Fed. Cas. No. 10,631.

The full rights of Porto Rico, the same as any other sovereign, to exact terms upon which a foreign corporation may do business within its territory cannot be questioned, but Porto Rico has no greater rights in this regard than anyone of the states. Porto Rico is American, and whether it be technically incorporated into the Union or not, American citizens, natural or incorporate, have the same constitutional rights as in the states, and these cannot be abridged by any local legislation.

It follows that the motion to remand the case must be denied. It is so ordered.